

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Honorable C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion Number O-1336
Re: Cancellation or revoca-
tion of unused or unsold bonds

We are in receipt of your opinion request of recent
date and quote from your letter as follows:

"1. May the City of Aransas Pass vote
$500,000 Seawall Remission Bonds and there-
after the City Commission destroy or cancel
out $150,000 worth of such bonds which they
deem unnecessary for such seawall construc-
tion?

"2. May the present City Commission of
the town of Aransas Pass pass an order or
ordinance calling for the non-issuance of
$150,000 worth of such bonds, and will the
same be binding on future administrations?"

In reply to your first question we advise that we
find no provision in the law authorizing the City Commis-
sion to destroy or cancel bonds after the qualified voters
of the city in the required number have given assent to the
issuance of bonds at an election held and conducted accord-
ing to the requirements of the statutes. In matters of
this kind the powers of the City Commission are limited
and is, therefore, confined strictly to the authority con-
ferred upon that body by the Legislature. All bonds must
be authorized by a vote of the people. The promulgation

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the result of a fair election regularly held and con-
ducted is the final word, and it becomes mandatory upon
the Commission to enter the proper orders and to issue
bonds to carry out the purpose designated by the electors.
Orr v. Marrs, 47 S. W. (2d) 440. (Since this case, the
Legislature has authorized school districts to hold elec-
tions for the purpose of revoking or cancelling unsold
school district bonds. Article 2786a, Revised Civil Sta-
tutes of Texas.)

Therefore, it is our opinion that the City Com-
mission of Aransas Pass can not destroy or cancel any amount
of bonds voted by the qualified voters of the city.

As per our conversation on your recent visit to
this office when we discussed your opinion request, we wish
to advise further on this question — that there is no pro-
vision in the law authorizing the City Commission to order
an election for the purpose of destroying or cancelling
unsold bonds authorized by the qualified electors of the
city.

In 1932 the Legislature passed a law authorizing
the Commissioners' Court to order an election to determine
whether or not unsold road bonds authorized by a county or
defined district shall be revoked or cancelled, but this Act
is applicable only to county road bonds or road district
bonds voted pursuant to Section 52 of Article 3 of the Con-
stitution. (Article 784a, Revised Civil Statutes of Texas.)

The Legislature has also authorized school districts
to hold elections for the purpose of revoking or cancelling
unsold school district bonds. Chapter 103, Acts of 1933;
Article 2786a, Revised Civil Statutes of Texas.

We merely cite the above articles to show that
there was no authority to cancel or revoke bonds of any kind
until in recent years when the Legislature gave the authority
to hold elections for the purpose of cancelling and revoking
road bonds and school district bonds. However, the Legis-
lature has not seen fit to pass laws authorizing cities to
hold elections for the purpose of revoking or cancelling
unsold bonds.

Honorable C. Burtt Potter, page #3

In the case of Williams v. Glover, 259 S. W., 957, the Waco Court of Civil Appeals held as follows:

"There is, however, no inherent right in the people, whether of the State or of some particular subdivision thereof, to hold an election for any purpose. Such action must be based on authority conferred by law."

In the case of Orr v. Marrs, supra, the court said:

"After the will of the voters shall have been expressed and ascertained as provided by the law by an election, nothing remains, under the terms of the statute, but to carry it into effect. It is fundamental that voters of a district can only exercise such powers as are conferred by statute, either expressly or by implication. All powers not expressly or by implication conferred are excluded. The power to rescind the former vote for the bond issue not being expressly given by the statute, it may not be, it is believed, reasonably implied. The power to vote on a bond issue implies the power to vote against it, but not to vote to rescind it after it has been regularly authorized. As well may it be implied that power to vote for or against a person for office confers the power to rescind his election regularly made by a subsequent vote of voters. If the Legislature had intended to grant the right of withdrawal of the vote, it could easily have been expressed."

Therefore, it is the opinion of this department that the City Commission has no authority to call an election for the purpose of revoking or cancelling bonds.

In reply to your second question we advise that when the qualified property taxpaying voters of a city authorize $500,000 worth of bonds and the Commission only issues $350,000, the remaining $150,000 may be issued at a future date. (See City of Houston v. McCraw, 113 S. W. (2d) 1215.) It is our opinion that an order passed by the

Honorable C. Burtt Potter, page #4

present Commission before the project is completed that the remaining $150,000 would never be issued would not be binding on future administrations. The bonds have been authorized and it is in the discretion of the Commission whether or not it is necessary to issue all of the bonds to carry out the purpose designated by the voters. If they decide at a later date that the remainder of the money is necessary to carry out the purpose authorized in the bond election, then such order could be revoked at a future date and the remaining authorized bonds issued. However, under the authority of Black v. Strength, 246 S. W. 79, if the City Commission passed an order after the election order and notice had been issued, but prior to the election, that the Commission would only issue $350,000 of the $500,000 provided for in the election notice, then we think that said order would be binding on the present and future administrations. In the Black case, where a similar order was passed prior to the election, the court held that the order was in effect a contract with the people and good faith required that the contract be kept.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Claud O. Boothman_
Claud O. Boothman
Assistant

COB-s

APPROVED SEP 30, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN